GLADNEY, Judge.
This suit is for the recovery of damages arising from an automobile collision which occurred in Claiborne Parish, on U. S. Highway No. 79, near the city limits of Homer. Made defendants are Travelers Indemnity Company and its insured, James I. Noland. The case was tried on the merits, following which trial, judgment was rendered rejecting the demands of plaintiffs, who have appealed.
On February 1, 1959, at approximately 6 :30 o’clock p. m., plaintiffs, en route from Minden to Homer, were traveling along the two-lane black-topped highway after dark and through a misty rain. They came over the crest of a hill and proceeded on a long downgrade curve with their headlights dimmed. Akins, who was driving a new Oldsmobile, observed an object similar in appearance to a large brown paper sack in the highway and swerved to avoid striking same. Nonetheless, his left front tire struck the object, which was in fact a boulder weighing from between thirty and *99 forty pounds, and as a result his left front tire blew out. Akins immediately reduced his speed of approximately forty to forty-five miles per hour and steered his car toward his right-hand side of the highway. After traveling between three hundred and four hundred feet, his car was hit from the rear by the automobile of James I. Noland. The Noland car had been proceeding in the same direction as Akins, and was, in turn, followed by a third vehicle being driven by Grover C. McLain, Jr. The McLain car struck the Noland vehicle and all three automobiles were considerably damaged. A controversy arises as to whether the No-land car collided with the Akins vehicle as a result of the collision between the Mc-Lain and Noland vehicles.
According to plaintiffs’ version of the accident, the Akins automobile had slackened its speed to about fifteen miles per hour when it was struck by the automobile of Noland and impelled to its left, into the ditch on the west side of the highway before the occurrence of the second collision, which in nowise affected the damage inflicted upon plaintiffs’ car. Noland, on the other hand, testified that upon noticing the apparent difficulty being experienced by the Akins vehicle, in which he observed two ladies, he brought his automobile to a stop some three or four feet directly behind the already stopped car for the purpose of offering assistance; that he had parked his car with the right wheels slightly off of the pavement and was engaged in opening the right front door in order to get out on the shoulder of the road, when his vehicle was struck violently from the rear and driven into the rear of the Akins vehicle; and that he was thrown headfirst against the extreme right side of the windshield of his car and remembered nothing thereafter until he regained consciousness in a hospital.
For the purpose of establishing their case plaintiffs offered the testimony of Mr. and Mrs. Akins, and Mrs. Leona Watkins, passengers in the Akins automobile, and James Moore and G. C. McLain, Jr., occupants of the McLain car. Noland was the sole occupant of his vehicle and his testimony was supported only by that of one other witness, Trooper L. C. Sims, and certain physical evidence.
The evidence did not affirmatively establish the occurrence of two separate collisions. Mrs. Watkins testified that she knew little, if anything, about what occurred, and her testimony failed to substantiate that of Mr. and Mrs. Akins, either as to whether the Akins vehicle was moving at the time it was struck, or as to whether there were two separate and distinct collisions. Mrs. Akins testified that when their vehicle was in the ditch she heard a horn blowing. The horn was identified as that of the McLain car, which horn had become stuck at the moment of the impact between the McLain and Noland vehicles. Therefore, her testimony is inconsistent with that given by Moore and McLain, both of whom testified that when the McLain and Noland vehicles collided the Akins car was immediately in front of the Noland vehicle. The conflict in the testimony leaves considerable doubt as to there being a substantial time interval between the two collisions. Noland, on the other hand, testified positively that the Akins car was at complete rest and that he had stopped his car immediately behind it before being struck by the McLain car. The evidence indicates McLain carried no automobile liability insurance, which fact may account for the somewhat reluctant and uncertain testimony of McLain and Moore concerning the facts of the collision. Predicated upon an investigation of the physical evidence, Trooper Sims concluded that the McLain vehicle first collided with that of Noland which then struck the Akins car. It may, therefore, be inferred from the decision reached by the trial judge that he was of the opinion plaintiffs failed to substantially prove negligence on the part of Noland.
In argument before this court, counsel for plaintiffs has attempted to assert the doctrine of res ipsa loquitur and *100 has referred to a number of cases involving rear-end automobile collisions in which the doctrine was held applicable. Clearly, however, the doctrine has no application in the instant case for the facts do not give rise to a presumption of negligence, and for the further reason that there is direct testimony to show the cause of the accident. See: Guitcau v. Southern Parking Company, Inc., La.App. Orleans 1951, 49 So.2d 880; Peranio v. Superior Insurance Company, La.App. 1st Cir., 1954, 76 So.2d 315. Therefore, plaintiffs, by resorting to the doctrine, cannot escape the burden of proving their case by a preponderance of the evidence. We are of the opinion that they have not carried this burden. Accordingly, manifest error in the holding of the trial court is not indicated. The judgment is affirmed at appellants’ cost.