LANDRY, Judge.
Plaintiff, Joseph A. Ory, instituted this action on open account against defendant, Theodore W. Griffin, seeking recovery of sums allegedly paid by plaintiff. for defendant’s account for equipment and supplies. Also included in the account are cash advances made by plaintiff to defendant and the price of a crawler type tractor purportedly purchased by plaintiff for defendant but title to which was placed in plaintiff’s name as a matter of convenience.
The account aggregates $9,884.61, subject to credits in the sum of $2,384.81, leaving a balance of $7,499.80 for which latter amount plaintiff seeks judgment. The tractor in question was purchased upon a down payment in the amount of $2,500.00 and a note representing the balance of the purchase price in the sum of $6,159.67 was executed by plaintiff. The trial court rejected plaintiff’s demand in toto and plaintiff has appealed.
It is undisputed in the record that plaintiff has paid the aforesaid note in full. The salient point presented is the proof required of plaintiff to establish the alleged verbal contract wherein defendant allegedly agreed to pay for the tractor reputedly purchased in plaintiff’s name for the convenience of defendant.
Decisive of the issue before the court are the provisions of LSA-C.C. Article 2277, which provides as follows:
“Art. 2277. Proof of agreements concerning movables or money
“Art. 2277. All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
In rej ecting plaintiff’s demands our learned brother below concluded, inter alia: “The court feels and must hold that in the absence of (any) written contract or other papers, plaintiff has not carried the burden of proof of the oral contract.”
In so declaring the burden of proof incumbent upon plaintiff herein, our esteemed brother below fell into error. The here-inabove quoted article clearly dispenses with the necessity of producing written proof in support of a claim relative to a movable or for payment of money where the value exceeds five hundred dollars, provided, of course, the claimant adduces evidence of the nature required in conformity with the cited codal authority. To hold, as our esteemed brother below indicated, that proof in writing is required is to disregard the plain language of the quoted article as interpreted by established jurisprudence.
It is now settled law that a plaintiff seeking judgment pursuant to the provisions of LSA-C.C. Article 2277 can serve as the “one credible witness” required. King v. Jarvis, La.App., 144 So.2d 616. The phrase “other corroborating circumstances” as used in this particular article means that the corroboration need be only general and not necessarily specific as to each element of plaintiff’s case. Pino v. Bennett, La.App., 126 So.2d 460.
Applying the foregoing applicable principles to the case at bar we find that the evidence reveals plaintiff is engaged principally in the business of selling sand and gravel but from time to time buys tracts of timber and sells the logs and pulpwood situated thereon. Plaintiff does not personally engage in the business of cutting trees or hauling logs or pulpwood and owns no machinery or equipment suitable for such purposes. It is undisputed that plaintiff invariably contracts the cutting and hauling of his timber to individuals who specialize in and are equipped to perform such work.
*99 Defendant is in the business of cutting trees and timber and hauling logs and pulpwood. Defendant owned his own equipment with which he conducted his logging and hauling operations. Included in the tools- and equipment possessed by defendant were a rubber tired tractor, one or two trucks, power saws, axes, chains and other apparata suitable and necessary in the logging industry.
Although there is some dispute in the record concerning the circumstances under which defendant purchased a certain tract of timber from Carter Rownd, we believe the evidence preponderates in favor of the conclusion plaintiff purchased said timber upon the recommendation of defendant and upon the representation that defendant would cut and haul the timber for plaintiff. Irrespective of the manner in which the purchase of the Rownd timber was initiated it is clear beyond doubt a verbal agreement was entered into between plaintiff and defendant wherein defendant agreed to cut and haul the Rownd timber for plaintiff at a fixed, but undisclosed, price per thousand board feet.
After commencement of the cutting operation on the Rownd property, it was discovered defendant’s rubber tired tractor was inadequate in that it lacked power and traction to get timber out of low places and that a “cat” or crawler type tractor was necessary under the circumstances encountered.
Faced with the necessity of obtaining heavier equipment, defendant contacted B. G. “Mike” Flanakin, a representative of Patterson-Redmond Equipment Company, Baton Rouge, which concern sold tractors. Flanakin would not extend credit to defendant in the purchase of a tractor but contacted plaintiff and suggested that if the equipment were purchased in plaintiff’s name, defendant would realize a saving of five per cent of the purchase price which discount would amount to approximately $400.00.
In substance plaintiff testified he purchased the tractor in his (plaintiff’s) name as a matter of convenience only and merely as an accommodation to defendant when it became obvious defendant’s equipment was too light to cut the timber on the Rownd tract. According to plaintiff, the understanding was that defendant would make regular payments to plaintiff until the purchase price was repaid.
Defendant denies the tractor was purchased for his account in plaintiff’s name as a matter of convenience and contends plaintiff purchased the tractor in plaintiff’s own name with the understanding defendant would rent the tractor from plaintiff. In this regard defendant concedes the payment to plaintiff of numerous sums in the amount of $50.00, $100.00 and $200.00 over an extended period of time but maintains the payments were for rental and not upon the purchase price of the tractor.
Our careful consideration of the record reveals plaintiff’s testimony is corroborated by that of Flanakin who is an absolutely disinterested witness. As previously stated, Flanakin’s concern has been paid in full the purchase price of the tractor consequently said vendor can neither lose nor gain by the outcome of this litigation.
Mr. Flanakin testified he was first approached by defendant who wished to purchase a tractor. Flanakin and defendant went together to one of Gaylord’s tracts to see a tractor owned by a Mr. P. H. Davis after which they went together to view and inspect several tractors in Baton Rouge. When Flanakin and defendant began discussion of financial arrangements, defendant informed Flanakin that defendant would get Mr. Ory to make the down payment because defendant was going to cut Mr. Ory’s timber. Defendant then picked out the type tractor which suited his needs — a TD-6 — and Flanakin contacted Ory about the financial arrangements. Flanakin further testified ho persuaded Mr. Ory to let the sale be made in plaintiff’s *100 name under which arrangement discount could be extended.
We believe the following testimony of Flanakin clearly establishes the sale was made in plaintiff’s name for convenience only with the agreement and understanding defendant would repay plaintiff the cost thereof:
“Q : Now, did you ever hear Theodore Griffin tell Mr. Ory that he was going to pay him for that tractor?
“A: Well, it was agreed when we closed the deal for the tractor in Mr. Ory’s office that he was going to take it in his name because of the lack of credit references and backing.
“MRS. PURSER: Just a minute, was that agreement made in the presence of Theodore Griffin ?
“A: Yes. He was going to put the tractor in his name, Joe Ory’s name because it would save them nearly $400.00.
íjí >¡í >|c # H*
“Q: Is there any reason, or what was the reason for not selling this tractor to Theodore Griffin?
“A: Well, it was a lack of credit information, backing.”
The evidence clearly reflects that following its purchase the tractor was modified to adapt it to defendant’s use. Subsequent to said alterations, the tractor was used by defendant in the conduct of logging operations not only for plaintiff but also for other parties by whom defendant was engaged to cut and haul logs. Upon cross-examination defendant was asked if plaintiff demanded payment on the tractor when defendant used it to work for other parties, defendant replied:
“Yes, sir, but he didn’t tell me that. He told me ‘Be paying a little along just like you were, to keep it up’ and I did that just like he asked me.”
Another disinterested witness, Mr. John L. Kinchen, testified that while defendant was logging for him and using the tractor in question, on one occasion when he gave defendant a check defendant told him “he wanted to pay a note to Mr. Ory.”
In addition to the foregoing, the evidence clearly establishes that following purchase of the tractor, defendant had exclusive possession thereof until he abandoned it in inoperable condition.
We believe the testimony of plaintiff, fully corroborated by that of the disinterested witness, Flanakin, discharges the burden of proof incumbent upon plaintiff as required by LSA-C.C. Article 2277. Moreover, plaintiff is further corroborated in part by the testimony of Kinchen to the effect defendant advised him that defendant wanted to pay plaintiff a note on a tractor.
It follows that our learned brother below erred in concluding plaintiff had not borne the burden of proof required under the circumstances and his judgment adverse to plaintiff must be annulled and set aside.
Accordingly, it is ordered, adjudged and decreed the judgment of the trial court in favor of defendant and rejecting plaintiff’s demands be and the same are hereby reversed, annulled and set aside and judgment rendered herein in favor of plaintiff, Joseph A. Ory, and against defendant, Theodore W. Griffin, in the full sum of SEVEN THOUSAND FOUR HUNDRED NINETY-NINE and 80/100 ($7,499.80) DOLLARS, together with interest thereon at the rate of five (5%) per cent from date of judicial demand, until paid, costs of these proceedings to be paid by defendant, Theodore W. Griffin.
Reversed and rendered.
ELLIS, J., recused.