HARDY, Judge.
This is an action for damages resulting from an automobile collision, and plaintiff appeals from judgment rejecting her demands.
The accident occurred at the entrance of Hollywood Avenue into the intersection of Hearne Avenue in the City of Shreveport. Both the Pontiac automobile driven by plaintiff and a loaded Chevrolet two-ton dump truck operated by Charles J. Miller, owned by the defendant, Turk, and insured by Marquette Casualty Company, had been traveling west on Hollywood immediately prior to the accident. The only eye witnesses who testified were the drivers of the respective vehicles and their versions of the occurrence of the accident are in irreconcilable conflict. Plaintiff testified that she was traveling in the right of the two westbound lanes of traffic on Hollywood, and, at a distance of several hundred feet from the intersection with Hearne, turned slowly into the left lane, proceeded to the *871 intersection, brought her car to a stop in response to the electrically operated traffic signal at the intersection and was almost immediately struck from the rear by the Chevrolet truck. Miller testified he was driving in the left of the two westbound lanes of traffic on Hollywood; that plaintiff’s automobile was in the right-hand lane from which it suddenly cut over, without warning or signal, into his lane of traffic some 20 or 25 feet ahead of his vehicle and was brought to a stop after moving only a few feet toward the intersection. Miller further testified that he immediately applied his brakes and cut his truck to the left at the time plaintiff invaded his traffic lane but was unable to avert the collision. The only established physical fact was the point of impact between the right front bumper of the truck and the left rear and fender of plaintiff’s automobile. The investigating police officer testified that, in his opinion, Miller had attempted to avoid the accident by turning to the left.
In a written opinion the district judge held that plaintiff had failed to prove her case by a preponderance of the evidence.
Before this court counsel for plaintiff urges that the district court erred in holding that plaintiff failed to sustain the burden of proof, and further erred in failing to hold that a presumption of negligence on the part of the driver of the rear vehicle arose from the fact of the collision, and upon the basis of this contention, argues that the doctrine of res ipsa loquitur should be applied.
Close examination of the testimony of plaintiff discloses a number of discrepancies which detract from the credibility thereof. We have no question as to the correctness of the conclusion that plaintiff failed to establish the occurrence of any negligence on the part of Miller, and it follows that her demands were properly rejected.
We concede the correctness of authorities cited by councel for plaintiff in which the doctrine of res ipsa loquitur has been applied in certain cases involving rear end collisions. However, the application of the principal is limited to those instances in which the facts have been preponderantly established. This is not such a case. Plaintiff’s testimony fails to establish a presumption of negligence on the part of the driver of the truck in view of his opposed testimony which must be accepted as being at least of equal weight. As was stated by this court in Akins v. Travelers Indemnity Company (2nd Circuit, 1961), 129 So.2d 98, the doctrine of res ipsa loquitur has no application in cases where the established facts do not give rise to a presumption of negligence.
The judgment appealed from is affirmed at appellant’s cost.