REID, Judge.
This is a suit for damages and personal injuries arising out of a motor vehicle accident which occurred at approximately 2:30 P.M. on the afternoon of January 26, 1960 between a 1955 Ford owned and operated by the plaintiff, Glenn E. Hadskey, and a 1957 International truck with trailer owned by defendant Air Reduction Company, Inc., insured by defendant Liberty Mutual Insurance Company, and at the time driven by defendant Eric G. Swanson, Jr., an employee of Air Reduction Company, Inc. Both of the vehicles involved in the accident were traveling south on Scenic Highway and the impact occurred on the inside south bound lane of traffic. The case was tried on the merits on March 17, 1961 and for written reasons assigned July 13, 1964, the Trial Judge rendered judgment in favor of the defendants and against the plaintiff dismissing plaintiff’s suit at his cost. The judgment was rendered and signed September 14, 1964, and it is from said judgment that this appeal has been lodged
The central issue is the question of liability. The plaintiff and defendants have directly conflicting contentions as to how the accident occurred. Plaintiff contends that this is purely and simply a rear end collision which was due entirely to the negligence of the defendant in failing to keep a proper lookout and in failing in his duty to follow a preceding vehicle at a safe distance, and in failing to stop a safe distance behind the preceding automobile. The defendants contend that this is not a simple rear end collision case; that immediately prior to the accident plaintiff swerved from the outside lane of traffic into the inside lane of traffic directly ahead of the defendant Eric Swanson, came to a sudden stop before a red light and brought his vehicle to such a sudden stop that the following defendant did not have time to stop before hitting the rear of plaintiff’s automobile. The Trial Judge set forth the facts in his reasons for judgment as follows:
“The only eye witnesses to the accident are the plaintiff, the driver of the truck which collided with the plaintiff’s automobile, and the truck driver’s helper. The undisputed facts are these: At approximately 2:30 on the afternoon of January 26, 1960 Mr. Eric G. Swanson Jr. was driving a 1957 International truck down the east, or inside traffic lane of two southbound lanes of Scenic Highway, a four lane thoroughfare running generally north and south in the city of Baton Rouge. The truck, belonging to the Air Reduction Company, Inc., was pulling a trailer about half loaded with tanks of compressed oxygen. It was headed south proceeding at the rate of approximately 30 miles per hour. Mr. Swanson was accompanied by his helper, Mr. Jerry Wayne Laird. Mr. Hadskey, the plaintiff, was proceeding south in the outside lane in his 1955 Ford at approximately 35 miles per hour. The Ford was slightly behind, but closing the distance between it and the truck, as both vehicles approached a series of three electrically operated traffic lights.
“The first, and northernmost of these traffic lights is at the junction of Far-rar Street and Scenic Highway. The second light is at the junction of Gulf States Road and Scenic Highway, where the former and the latter form a 90 degree angle. The third light is at the junction of an exit from Gulf States Road, which runs at approximately a 45 degree angle from Gulf States Road into the southbound lanes of Scenic Highway. The distance between the second and third light is ap *273 proximately 140 feet. At some point, in an area beginning just north of the first light, and ending in the vicinity of the second light, the plaintiff’s automobile passed the truck being driven by Mr. Swanson, and pulled into the inside lane, ahead of the truck. As the plaintiff’s Ford neared the third, or southernmost traffic light, it changed from green to yellow, causing the plaintiff to apply his brakes. Immediately before, or immediately after, the Ford stopped, the heavy truck crashed into its rear, causing a considerable amount of damage to the automobile. The plaintiff sustained a whiplash injury.
“The truck left four feet of skid-marks, while the Ford left none. The testimony established that there was either a car or a pickup truck stalled in the outside lane, just north of the third traffic light. The police officer who investigated the accident located the point of collision forty feet south of the south parallel line of Gulf States Road.”
The testimony of the witnesses is in conflict regarding the point at which plaintiff passed the truck and swerved from the outside lane into the inside lane ahead of the truck. Plaintiff contends he passed the truck and pulled to the inside lane north of the first traffic light and traveled on the inside lane approximately 600 feet and through two green lights before stopping at the third light which had turned red. Defendants contend plaintiff pulled in approximately IS feet ahead of the truck and applied his brakes almost immediately in order to stop for the changing traffic signal. Hence, the dispute as to the applicable law, that is, whether this is a simple rear end collision case as contended by plaintiff, or whether the rule should apply that a “driver who has just been passed is not negligent in failing to anticipate that a passing vehicle will suddenly cut in or stop in his immediate path, nor for being too close to the vehicle which has just passed him” Broussard v. Savant Lumber Company, 134 So.2d 369 (La.App. 3rd 1962).
After reviewing the testimony of the witnesses, the Trial Judge concluded that the question then became one of weighing the testimony of the various eye witnesses, all three of whom were in the vehicles involved in the accident and all of whom had an interest in the outcome of the litigation. He concluded that under the circumstances it could not be said the defendant was presumed to be negligent nor that the plaintiff had proved his case by the preponderance of the evidence, and thus dismissed plaintiff’s suit.
It is not felt by this Court that any useful purpose would be served by here exhaustively reviewing the testimony of the various witnesses. The Trial Judge heard the testimony, saw the witnesses, and is certainly the best judge of the credibility of the witnesses. It is clear under our jurisprudence that a Trial Judge’s findings of fact, particularly facts involving credibility of witnesses testifying before him, are entitled to great weight and will not be disturbed unless clearly erroneous. United Public Insurance Company v. Levy, 154 So.2d 80; Martin v. LeBlanc, 157 So.2d 283.
The Trial Judge pointed out that the facts in this case and the contentions of the parties are remarkably similar to those in Hutton v. Marquette Casualty Co., 163 So.2d 870 (La.App.2d 1964), wherein the plaintiff testified that she was traveling in the right of a two lane westbound highway approximately 700 feet from an intersection, turned slowly into the left lane, proceeded to the intersection, brought her car to a stop in response to an electrically operated traffic signal, and was almost immediately struck from the rear by a truck owned by the defendant. The driver of the truck testified he was driving in the left of the two westbound lanes of traffic, that plaintiff’s automobile was in the right hand lane from which it suddenly cut over, without warning or signal, into his lane of traffic some 20 or 25 feet ahead of his vehicle and *274 was brought to a stop after moving only a few feet toward the intersection. He further testified that he immediately applied his brakes and cut his truck to the left at the time plaintiff cut into his traffic lane but was unable to avert the collision. There, as in the present case, the only eye witnesses were the parties in the respective vehicles. There, also, the District Judge held that the plaintiff had failed to prove her case by a preponderance of the evidence. Before the Court of Appeal counsel for plaintiff urged that the District Court erred in holding that plaintiff failed to sustain the burden of proof, and further erred in failing to hold that a presumption of negligence on the part of the driver of the rear vehicle arose from the fact of the collision, as does counsel for plaintiff in the present case. In the Hutton case the Court of Appeal, in affirming the opinion of the District Court, held as follows:
“Close examination of the testimony of plaintiff discloses a number of discrepancies which detract from the credibility thereof. We have no question as to the correctness of the conclusion that plaintiff failed to establish the occurrence of any negligence on the part of Miller, and it follows that her demands were properly rejected.
“We concede the correctness of authorities cited by counsel for plaintiff in which the doctrine of res ipsa loquitur has been applied in certain cases involving rear end collisions. However, the application of the principal is limited to those instances in which the facts have been preponderantly established. This is not such a case. Plaintiff’s testimony fails to establish a presumption of negligence on the part of the driver of the truck in view of his opposed testimony which' must be accepted as being at least of equal weight. As was stated by this court in Akins v. Travelers Indemnity Company (2nd Circuit, 1961), 129 So.2d 98, the doctrine of res ipsa loquitur has no application in cases where the established facts do not give rise to a presumption of negligence.”
An examination of the record here certainly fails to give rise to any presumption of negligence on the part of the defendant and it is the opinion of this Court that the facts in this case well fit the Hutton case as pointed out by the learned Trial Judge herein.
For the foregoing reasons, the judgment of the Trial Court is affirmed.
Affirmed.