182 So.2d 117 (1966)
LaBELLA INSULATION, INC.
v.
William E. CONNOLLY.
No. 2031.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1966.
Rehearing Denied February 7, 1966.
*118 Reed, Reed & Reed, William M. Detweiler, New Orleans, for plaintiff-appellee.
Connolly & Connolly, Frans J. LaBranche, Jr., New Orleans, for defendant-appellant.
Before YARRUT, HALL and BARNETTE, JJ.
YARRUT, Judge.
Plaintiff corporation, engaged in furnishing labor and materials on construction jobs, first filed suit only against Defendant (Connolly) to recover $145.00 for labor and materials furnished to a building allegedly under construction by Connolly, as general contractor.
Connolly first filed exceptions of nonjoinder of parties defendant, on the ground he was acting only as foreman for Construction Guarantee Company, Inc., the general contractor. Plaintiff then filed a supplemental petition making Construction Guarantee Company, Inc. a party Defendant, and for judgment against Connolly, as the general contractor, or against the Construction Guarantee Company, Inc., individually. Connolly then answered he was acting solely as foreman for Construction Guarantee Company, Inc.; hence, Plaintiff's sole recourse was against Construction Guarantee Company, Inc. Construction Guarantee Company, Inc. filed no answer and made no appearance at the trial.
Only Plaintiff and Connolly appeared at the trial. Mr. and Mrs. Anthony LaBella, officers of Plaintiff corporation, appeared and testified for Plaintiff; Connolly for himself.
The city judge rendered two separate judgments in favor of Plaintiff; one against Construction Guarantee Company, Inc. for the full amount of $145.00 with interest and costs, and the other against Connolly for the same amount.
There is no explanation why separate judgments were rendered for the full amount against each Defendant. Plaintiff therefore obtained judgments for twice the amount of its claim. Only Connolly appealed. As Construction Guarantee Company, Inc. took no appeal, the judgment against it is final.
With respect to the appeal by Defendant Connolly, we are convinced he was acting as general foreman for Construction Guarantee Company, Inc. and not in his own behalf. Connolly's explanation was reasonable, to-wit, that he was a discharged bankrupt and could not obtain surety bonds for construction jobs; for which reason he would estimate jobs and then induce contractors (in this case Defendant corporation) to undertake the work and employ him as foreman at $100 a week. The testimony of the Plaintiff's officers is rather conflicting, and we are satisfied they knew the building was being constructed by the Defendant corporation, and that Connolly was only a foreman since the corporation's sign as contractor was posted on the construction site.
Since Plaintiff asked judgment only in the alternative against one or the other of Defendants and, as of now, has final judgment against Defendant corporation, we can not see how, under the evidence adduced, that it can now obtain the same judgment against Connolly. Since we are satisfied that Connolly was acting as agent and foreman, and not as the principal, to the knowledge of Plaintiff's officers, Mr.
*119 and Mrs. LaBella, the judgment against him must be reversed.
Assuming arguendo that Connolly did not disclose his principal, the Plaintiff cannot now recover against him. In an action ex contractu, one who acts for an undisclosed principal may be sued in the alternative with the alleged principal. However, the plaintiff may recover from one only and not from both, hence he cannot obtain a judgment in solido against both. In actions ex delicto, the agent acting within the scope of his authority is liable in solido with his principal or employer.
The judgment of the lower court in favor of Plaintiff and against Defendant Connolly is reversed, and judgment is now rendered in favor of Defendant Connolly dismissing Plaintiff's suit at Plaintiff's cost in both courts.
Judgment reversed and rendered.