SAMUEL, Judge.
This appeal involves a claim for unpaid commissions awarded plaintiff by the trial court for services rendered as a salesman in bringing business to the defendant printing company.
The suit is on a verbal contract or contracts for $9,526.26, the amount of commissions allegedly due plaintiff for printing business he solicited and obtained for the defendant. His primary complaint is that defendant breached its agreement to pay 10% of its billings on work he obtained from the United States Court of Appeals; after November, 1963 defendant reduced that rate of commission to 5% although plaintiff never consented to such a reduction. Plaintiff also lists other alleged accounting irregularities in paying him commissions earned.
Defendant answered denying any liability and averring that its board of directors informed plaintiff in November, 1963 he would be paid only a 5% commission on Court of Appeals work after that date. It also reconvened for $525.-66, the balance allegedly due on an open account for materials furnished to plaintiff for his own business, A B Letter Service.
The trial court awarded plaintiff a judgment of $4,894.43, subject to an offset of $525.66, the unpaid balance he admitted owing defendant on the open account. Defendant has appealed contending plaintiff is not entitled to a judgment because his claim was not established by the testimony of one credible witness and corroborating evidence as required by Civil Code Article 2277. Plaintiff answered the appeal seeking an increase in the judgment. Civil Code Article 2277 reads as follows:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.” LSA-C.C. Art. 2277.
During 1951 plaintiff verbally agreed with the defendant to bring it business from federal agencies and attorneys in the New Orleans area. The parties fixed certain percentages of defendant’s billing which plaintiff was to receive as commission, the rate of commission varying for different types of contracts. From time to time by agreement the litigants changed the commission rates. In 1963 plaintiff was being paid a 10% commission on all briefs, 10% on Court of Appeals orders and 5% on government contracts. In November, 1963 plaintiff met with defendant’s board of directors and was told by the board that defendant could no longer pay 10% on Court of Appeals printing but would give him 5% on those orders. According to plaintiff he did not agree to the cut and, a short time after this meeting, Bert Scofield, the defendant company’s president, told him the company would continue paying 10% on Court of Appeals printing. This was denied by Scofield.
From the testimony and exhibits it is apparent defendant’s board met with plaintiff on several occasions in 1964. On each occasion defendant asserted it would pay no more than 5% on the Court of Appeals orders and plaintiff continued to express his displeasure with that arrangement. Throughout 1964 checks were *727 tendered to plaintiff computing the Court of Appeals commission at 5% and were accepted by him despite his complaints. On March 3, 1965 defendant discharged the plaintiff.
Five exhibits are attached to plaintiff’s petition to explain his claim for unpaid commissions. The following schedule explains the amounts claimed and the amounts awarded in the trial court judgment:
Amount claimed Award
Exhibit A lists contracts on which a 5% commission was paid, but on which plaintiff alleges 10% was due from November 1, 1963 through December, 1964, inclusive. $5,976.63 $3,756.77
Exhibit B lists defendant’s billings from December 28, 1964 through March 2, 1965 on which nothing has been paid. 1,437.65 445.41
Exhibit C lists billings by defendant, after plaintiff was discharged, on business obtained by plaintiff. 1,192.75 -0-
Exhibit D lists billings to the National Labor Relations Board from March through June, 1965, on which plaintiff received no commission. 465.27 465.27
Exhibit E lists accounts on which plaintiff claims he was not paid 10% of the billing as agreed. 453.96 226.98
In awarding plaintiff $3,756.77 under Claim A the trial court computed the billings on which plaintiff received a 5% commission between November, 1963 and September 12, 1964, and allowed the additional 5%. This cutoff date was selected because the board held a meeting then and the Court felt plaintiff knew positively that he would receive no more than 5% on Court of Appeals work after that time. In reasons dictated at the end of the trial the judge indicated he was guided by equity in making this award.
In this court defendant argues that plaintiff’s testimony is not supported by corroborating evidence as required by Article 2277 and thus the trial court erred in granting recovery. Plaintiff contends defendant’s ledger sheets on his commission account is all the corroborating evidence needed to meet the codal requirements. As plaintiff has sued on a verbal contract for money exceeding the sum of $500.00, the evidentiary rule of Article 2277 applies and we must determine whether there is corroborating evidence to support plaintiff’s testimony.
From our examination the ledger sheets simply reflect plaintiff was paid 5% commission on Court of Appeals work during and after November, 1963. This fact is not at issue. We must reject plaintiff’s argument that a notation on one ledger sheet corroborates his testimony. The notation reads: “Briefs 10%, contract 5%. Special cases by arrangement.” The notation appears on a ledger sheet dated October, 1963, the commission change was not made until one month later, and the notation on its face does not refer to commissions on Court of Appeals printing.
*728 Aside from any question relative to the authority of defendant’s president as opposed to the authority of its board of directors, what plaintiff initially was required to prove by “other corroborating circumstances,” under Civil Code Article 2277 was his testimony that defendant’s president, contrary to his board’s previous decision in November, 1963, had agreed to pay 10% on Court of Appeals printing. Having failed to do this he is not entitled to the amount claimed under Exhibit A subsequent to the November, 1963 board meeting.
In its brief defendant concedes plaintiff is entitled to 5% additional commission on the Exhibit A November, 1963 billings made prior to the board meeting in question. As it is not clear when the November board meeting was held, we are of the opinion the judgment, insofar as Exhibit A is concerned, should be reduced from $3,756.77 to $226.68, the latter figure being the amount of the 5% additional commission for November, 1963. 1963.
Exhibit B lists commissions unpaid on billings sent between December 28, 1964 through March 2, 1965. Plaintiff claims $1,437.65; defendant’s ledger shows $1,049.45 was due; and the court awarded $445.41. The discrepancy between plaintiff’s claim and defendant’s ledger is that plaintiff seeks 10% on Court of Appeals work, while his account in the ledger gives him a 5% credit on those items. As we have determined, he was entitled only to 5% on Court of Appeals work after November, 1963. But defendant failed to explain why it did not pay this 5% amount when clearly it was due. Accordingly, we conclude the judgment on Claim B should be increased from $445.41 to $1,049.45.
Exhibit C covers a claim for $1,-172.65, representing commissions allegedly due on business brought in by plaintiff for which defendant billed its client after plaintiff’s contract was terminated. The trial court properly disallowed this claim in its entirety because plaintiff’s testimony, which was uncorroborated by other evidence, is insufficient in itself to establish either that he procured the business or that the billings in the amount he claimed actually were made.
Exhibit D lists billings by defendant to the National Labor Relations Board on which plaintiff was to receive a 5% commission. Government contracts of this sort are awarded on an annual basis beginning July 1st and ending the following June 30th. It is not disputed plaintiff obtained the National Labor Relations Board account before July 1, 1964 when he was still employed by defendant on a commission basis. We are satisfied he was entitled to commissions on the billings from March through June, 1965 at the agreed 5% rate. This totals $465.27, the amount awarded by the trial court.
Finally, Exhibit E lists accounts where plaintiff’s commission was not computed on the gross billings; in some instances substantial “handling charges” were deducted from the gross billing. After this deduction the commission was computed on the net amount posted. Defendant’s explanation of what constituted the handling charges was unsatisfactory and its records indicate the commissions due under Exhibit E were shaved. The original claim is for $453.96 and the trial court rendered judgment for $226.98. In his brief plaintiff agrees with this computation. Since our review of Exhibit E supports a judgment for at least the amount agreed to by plaintiff, this award will remain unchanged.
To summarize our findings, we award the following:
Exhibit A Claim $ 226.68
Exhibit B Claim 1,049.45
Exhibit C Claim -0-
Exhibit D Claim 465.27
Exhibit E Claim 226.98
Total $1,968.38
*729 For the reasons assigned, the judgment appealed from is amended to reduce the award to plaintiff from $4,894.43 to $1,-968.38, subject to an offset of $525.66, or a net award to plaintiff of $1,442.72, plus legal interest from judicial demand until paid. As thus amended, and in all other respects, the judgment appealed from is affirmed; all costs of this appeal to be borne by the litigants in equal proportions.
Amended and affirmed.