215 So.2d 201 (1968)
Louis J. KARISNY et al., Plaintiffs-Appellants,
v.
SUNSHINE BISCUITS, INC., Defendant-Appellee.
No. 2464.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
*202 Atkins, Airhart, Copenhaver & Russell, by Harris D. Copenhaver, Jr., Baton Rouge, for plaintiffs-appellants.
Stafford & Pitts, by John L. Pitts, Alexandria, for defendant-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
TATE, Judge.
The plaintiff Karisny and his collision insurer, as subrogee, sue for vehicle damage sustained by his Volkswagen. Suit is filed against Sunshine, the employer of the driver, Normand, of a following car which struck the Volkswagen. The plaintiffs appeal from dismissal of their suit.
The issues posed by the appeal are primarily factual: Which version of the accident is correct, that related by Normand for the defendant, or instead that testified to by the plaintiff Karisny and his two passengers?
Normand testified that the accident occurred when Karisny suddenly passed him on a curve on a hill and had to draw back into the lane quickly. According to Normand, Karisny crashed into a car in front of him and skidded so as to collide with an oncoming car in the other lane.
Under this version, pretermitting (contributory) negligence of Karisny, nevertheless Normand is free of negligence, since a following driver is not negligent when he unavoidably crashes into a forward vehicle brought to a sudden and unforeseeable stop in his immediate path. Lafleur v. Genuine Parts Company, La. App. 4 Cir., 192 So.2d 241; Hadskey v. Liberty Mutual Insurance Co., La.App., 174 So.2d 271; Broussard v. Savant Lumber Co., La.App. 3 Cir., 134 So.2d 369.
The plaintiffs-appellants contend that the preponderance of the evidence is represented by the testimony of the plaintiff Karisny and his two passengers. Their opposing version was that, instead, the series of accidents resulted when Normand, following too closely, skidded into the rear of Karisny's automobile, causing it to strike the forward car and careen into the path of the oncoming vehicle.
However, the evaluation of the testimony of opposing witnesses is primarily within the province of the trier of fact. In the absence of clear improbability or other convincing demonstration of error, the reviewing court should not disturb the trial court's acceptance of one version of the accident over a contrary one sworn to by other witnesses. McDonald v. Book, La.App. 3 Cir., 215 So.2d 394 (decided this date), and decisions therein cited.
We find no manifest error in the trial court's apparent evaluation of the testimony of Normand as preponderating over that of the three contrary witnesses testifying for the plaintiffs. Accordingly, we affirm its factual finding that the defendant's driver was free of negligence contributing to the accident.
The plaintiffs-appellants further suggest, however, that the trial court in its (untranscribed) oral reasons dismissed the plaintiffs' suit for reasons legally incorrect.
On appeal, a trial court judgment is presumed to be correct and decided in accordance with the law, with the burden being on the appellant to show otherwise. Cryer v. Ring, La.App. 3 Cir., 149 So.2d 451. In view of this presumption, when two opposing versions of the accident are presented by the evidence, the reviewing court *203 may assume, in the absence of assigned reasons, that the trial court accepted the version of the accident which accords with its judgment. Broadway v. Wester, La. App. 3 Cir., 193 So.2d 855.
A party may protect himself from an unfair operation of this presumption by exercising his right to require the trial court in non-jury cases to give written findings of fact and reasons for judgment. Art. VII, Section 43 La. Constitution of 1921; LSA-CCP Art. 1913. Having failed to do so, the plaintiffs-appellants cannot now urge as error an oral reason for judgment not transcribed nor admitted as correct by the opposing counsel. Dupuy v. Iowa Mutual Ins. Co., La.App. 1 Cir., 113 So.2d 830.
Therefore, finding no manifest error in the trial court resolution of this factual dispute, we affirm its judgment dismissing the plaintiffs' suit. The costs of this appeal are to be paid by the plaintiffs-appellants.
Affirmed.