237 So.2d 437 (1970)
T. J. FOSHEE, Plaintiff-Appellee,
v.
HAND-ENIS REALTY CO., Inc., et al., Defendants-Appellants.
No. 3098.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1970.
*438 John Makar and Donald Kelly, Natchitoches, for defendants-appellants.
Watson, Brittain & Murchison, By Daniel T. Murchison, Natchitoches, for plaintiff-appellee.
Before FRUGÉ, SAVOY, and MILLER, JJ.
FRUGÉ, Judge.
This is an action by the plaintiff, T. J. Foshee, d/b/a T. J. Foshee Electrical Service, *439 to collect sums allegedly due him under an oral contract between himself and the defendants, Hand-Enis Realty Co., Inc., and Dr. E. A. Hand. The trial court awarded the plaintiff judgment in solido against the defendants in the amount of $1,672.80, from which judgment they have appealed.
In February of 1967, Dr. E. A. Hand was president of Hand-Enis Realty Co., Inc., a closely held corporation owned by Dr. Hand and his immediate family. The Hand-Enis Realty Co., Inc., owned the Natchitoches Geriatrics Hospital, where Dr. Hand practiced medicine. At that time, Dr. Hand requested Mr. Foshee to do some electrical work on the Natchitoches Geriatrics Hospital building. Dr. Hand's request, as reflected by the work order, included the following items:
1. Install T.V. outlet
2. Balance load on panels
3. Heavy circuits to washer and dryer
4. Install generator and tie to emergency panel
5. Install plug in Bath 16 for electric heater
6. Inspection of all electrical work
Dr. Hand asked Mr. Foshee how much the work would cost and Mr. Foshee replied "It won't cost much, mostly labor" (Tr. 98). That was the extent of the negotiations, according to Dr. Hand. Mr. Foshee, however, contends that Dr. Hand asked him to do whatever was necessary to bring the electrical system up to certain minimum standards which would enable Mr. Foshee to sign a certificate required by the State Fire Marshal's Office (Tr. 39).
The evidence indicates that the work done by Mr. Foshee was needed and that it was worth $1,672.80. Mr. Foshee employed several electricians who worked a total of 158 hours on the hospital job. A record of all materials used on the job and for which the defendants were charged was introduced into evidence by the plaintiff. Mr. J. A. Berry, an electrician testifying for the defendants, said, in essence, that the plaintiff made a reasonable charge for the work he did (Tr. 94, 95, 96).
The defendants' initial contention is that the plaintiff failed to meet the requirements of Louisiana Civil Code Article 2277 for proving an oral contract exceeding $500.00. Article 2277 provides "All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
The testimony of Dr. Hand and Mr. Foshee establishes that the parties entered into a contract. Mr. Foshee's testimony, unlike Dr. Hand's, indicates that the contract was for more than $500.00. This was corroborated by evidence that the work done exceeded $500.00 in value. The one credible witness referred to in Louisiana Civil Code Article 2277 can be one of the parties to the contract. See Ory v. Griffin, 162 So.2d 97 (La.App. 1st Cir. 1964); King v. Jarvis, 144 So.2d 616 (La.App. 4th Cir. 1962). Mr. Foshee's testimony and the corroborating evidence produced by him meets the standards imposed by Louisiana Civil Code Article 2277 for proving an oral contract in excess of $500.00.
The defendants' second contention is that Dr. Hand did not authorize the work done by Mr. Foshee. As indicated previously, Mr. Foshee's testimony is otherwise. The trial court did not favor us with written reasons for judgment indicating how it evaluated Mr. Foshee's or Dr. Hand's testimony. However, we assume that it believed that version of the testimony which conforms with its decision. Karisny v. Sunshine Biscuits, Inc., 215 So. 2d 201 (La.App.3d Cir. 1968). When Dr. Hand told Mr. Foshee to do whatever was necessary to enable him to sign the *440 certificate required by the state fire marshal, he authorized Mr. Foshee to do the work that he did. If Dr. Hand intended to authorize only $300.00 worth of work, he should have made Mr. Foshee aware of this limitation.
Dr. Hand did attempt to ascertain the cost of the initial six items that he requested. Mr. Foshee merely told him it would not be much, mostly labor. At the trial the defendants' witness, Mr. J. A. Berry, and the plaintiff and his witness, said that the work requested by the defendants could easily cost $1,672.80. For instance, item number two "Balance load on panels" could require redoing nearly every circuit in the building, according to Mr. Berry and the plaintiff's witnesses. Also, most of the wiring in the hospital was 14-gauge wire and had to be replaced because 12-gauge wire was the minimum size allowed by the existing city and state electrical codes (the larger the gauge number, the smaller the wire). We conclude that the work was authorized, performed, and a reasonable charge was made for it.
The defendants further contend that, even if Dr. Hand authorized Mr. Foshee to do whatever was necessary to enable him to sign the certificate, most of the work done by Mr. Foshee in 1967 was supposed to have been done by Mr. Foshee in 1962 and for which he had already been paid. They did show that Mr. Foshee was paid $1,833.77 for work on the building in question in 1962. However, they failed to show what the work was or that it was duplicated in 1967.
The final issue in this case is the respective liability of the defendants, Dr. Hand and the Hand-Enis Realty Co., Inc. Dr. Hand contends that he was merely the agent of the Hand-Enis Realty Co., Inc., of which he was president, and, as such, incurred no personal liability. The record reflects that Dr. Hand at no time mentioned that he was an agent for the Hand-Enis Realty Co., Inc., or that it was involved in the operation of the Natchitoches Geriatrics Hospital. The work order was made out to Dr. Hand. The 1962 work was paid for by a personal check on Dr. Hand's account. Mr. Foshee testified that he was unaware of the Hand-Enis Realty Co., Inc.'s, existence until after the work was completed and he attempted to secure payment for the job.
The only evidence indicating that Mr. Foshee knew or should have known of the corporation's existence was the certificate which he signed for the state fire marshal's office, which indicated that Hand-Enis Realty Co., Inc., was the owner of the Natchitoches Geriatrics Hospital. However, this certificate was not signed until after the contract was confected and the work was performed. The check tendered to Mr. Foshee by Dr. Hand for payment of the electrical work was drawn on Dr. Hand's personal account and signed by Dr. Hand. Of course, this was after the work was completed also.
The evidence as a whole convinces us that Dr. Hand did not disclose, nor was Mr. Foshee aware, that Dr. Hand was acting as the agent of Hand-Enis Realty Co., Inc. An agent who contracts for a principal without disclosing that fact is personally liable to the party with whom he contracts. The undisclosed principal is also liable. Louisiana Civil Code Article 3013; Bush v. Saucier, 197 So.2d 907 (La. App. 1st Cir. 1967); LaBella Insulation, Inc. v. Connolly, 182 So.2d 117 (La.App. 4th Cir. 1966).
For the reasons assigned, the judgment appealed from is affirmed at the defendants-appellants' cost.
Affirmed.