WARD, Judge.
This is an appeal from a dismissal of Ernest Shaw’s suit against his former employer, Jet America Corporation, for $18,-157.00 in unpaid commissions allegedly due him under an oral contract of employment and for penalties and attorney’s fees pursuant to La.R.S. 23:632. After trial on the merits, the Trial Judge found no agreement as to commissions between Shaw and Jet America Corporation. A review of the record leads us to the same conclusion and shows that Shaw has not shown the Trial Judge’s findings of fact are manifestly erroneous. Accordingly, we sustain the judgment in favor of Jet America Corporation.
The issue at trial was the interpretation of the oral employment contract between Shaw and Jet America, a commercial charter airline. Shaw claimed he was entitled to commissions on a sliding scale, i.e., five percent commission on new accounts he developed for the first three flights; three percent commission on new accounts after the first three flights; and one and one-half percent commission of the total revenue from established accounts reactiviated by Shaw.
Jet America insists that all its employees, including Shaw, are compensated monthly and that Shaw’s compensation was $1,800.00 per month.
Civil Code Article 2277 governs proof of oral contracts:
*682 All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances. (Emphasis added)
Additionally, we follow our interpretation of Article 2277 in O’Rourke v. Tracy, 375 So.2d 747, 748 (La.App. 4th Cir.1979):
It is well settled that a party to the lawsuit may serve as his own “credible witness” for purposes of this article. Foshee v. Hand-Enis Realty Co., 237 So.2d 437 (La.App. 3rd Cir.1970). Moreover, although he still must show other circumstances which corroborate his claim, this means only general corroboration and does not require independent proof of every detail of the witness’s testimony. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977). Nonetheless, the question of whether the evidence offered by plaintiff corroborates his claim is a finding to be made by the trier of fact, and thus is not subject to reversal unless it is clearly wrong. Taylor v. Clark, 304 So.2d 728 (La.App. 4th Cir.1974); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The reviewing court must give great weight to the factual conclusions of the trier of fact, and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Shaw’s own testimony was the main proof offered of his claim. He produced no witnesses beside himself who could testify to a definite agreement concerning commissions. Mr. Vizzini, the president of Jet America at the time Shaw was hired and who negotiated a salary with Shaw, testified that, although he vaguely remembered discussing commissions with Mr. Shaw, nothing was finalized. Ken Bryant, a member of Jet America’s Board of Directors, testified he knew nothing about a commission arrangement with Shaw.
Shaw was employed by Jet America from July 7, 1980 to January 18, 1982. The record shows that Shaw never received commission payments nor did he ever formally demand payment of commissions until after his termination. The only evidence of a demand for commission payments were two handwritten notations on scraps of paper made by Mr. Shaw, dated January 9, 1981 and May 12, 1981, indicating he presented Mr. Vizzini with commission forms. These forms were never returned to Shaw nor were any commission payments made to him. Also, neither notation confirms or substantiates Shaw’s claim that an agreement was reached as to commission.
Considering the testimony and evidence in the record, we conclude there is no hard evidence to prove a contract for commissions between Shaw and Jet America. Without this proof, Shaw is not entitled to commission. Bacon v. Scofield’s Quality Printers, Inc., 212 So.2d 724 (La.App. 4th Cir.1968). Consequently, we affirm.
Affirmed.