375 So.2d 747 (1979)
Raymond H. O'ROURKE
v.
Hugh TRACY, III and Clearview Dodge Sales, Inc.
No. 10140.
Court of Appeal of Louisiana, Fourth Circuit.
September 11, 1979.
*748 John H. Brooks, Weidner & Brooks, Gretna, for plaintiff-appellant.
Robert E. McDonald, Metairie, for defendants-appellees.
Before LEMMON, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from the dismissal of a suit for earnings allegedly due under an oral contract of employment. Raymond O'Rourke sued Clearview Dodge, Inc. and its president, Hugh Tracy, III, for failure to pay the salary allegedly due him by the automobile dealership between March 1, 1973 and April 23, 1973, and for two weeks' vacation pay. He also demanded damages for breach of Tracy's alleged promise to transfer a ten percent ownership interest in the car dealership to him. O'Rourke asked, further, for penalties and attorney's fees under R.S. 23:632 for nonpayment of his wages. After trial on the merits, the district judge ruled from the bench, concluding that the plaintiff had failed to sustain his burden of proof and dismissing his claim. Plaintiff appealed.
O'Rourke, who had been employed at Clearview Dodge since March 1971, went to work for Ad-Mark, Inc., an advertising agency, on March 1, 1973. Ad-Mark handled the advertising program for Clearview Dodge, and was partially owned by Hugh Tracy's son Kirk. O'Rourke went to Ad-Mark at the request and on the recommendation of Hugh Tracy. This lawsuit is based on O'Rourke's claim that Tracy promised that while O'Rourke was with Ad-Mark his salary would remain the same as it had been while at the dealership, and that Clearview Dodge would make up any difference between O'Rourke's earnings at Ad-Mark and his previous earnings at Clearview Dodge.
Civil Code Article 2277 is the basic rule governing proof of oral contracts. That article states,
"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be provided by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances." (Emphasis added.)
It is well settled that a party to the lawsuit may serve as his own "credible witness" for purposes of this article. Foshee v. Hand-Enis Realty Co., 237 So.2d 437 (La.App. 3rd Cir. 1970). Moreover, although he still must show other circumstances which corroborate his claim, this means only general corroboration and does not require independent proof of every detail of the witness's testimony. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977). Nonetheless, the question of whether the evidence offered by plaintiff corroborates his claim is a finding to be made by the trier of fact, and thus is not subject to reversal unless it is clearly wrong. Taylor v. Clark, 304 So.2d 728 (La. App. 4th Cir. 1974); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The reviewing court must give great weight to the factual conclusions of the trier of fact, and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
In the case before us, plaintiff's own testimony was the main proof offered of his claims. Tracy flatly denied O'Rourke's allegations. O'Rourke produced no witnesses besides himself who could testify that Tracy promised to supplement his pay while he was at Ad-Mark. Although O'Rourke did produce a former Clearview Dodge employee *749 who testified that he had heard Tracy state that O'Rourke was to be made a vice-president of the company and that O'Rourke had a percentage of the company, obviously the trial judge did not believe him. O'Rourke produced no other witnesses who could substantiate, of their own knowledge, his claims. Tracy's denials, on the other hand, were supported by four witnesses (Neil Curran, president of Ad-Mark; A. J. Keller, secretary-treasurer of Clearview Dodge; and two other Clearview Dodge employees, whose testimony was stipulated to be the same as Mr. Keller's).
Plaintiff stressed repeatedly that Tracy has said he would continue to be a Clearview Dodge employee, and that he was only temporarily at Ad-Mark. Tracy denied this, claiming that O'Rourke's job at Clearview Dodge terminated on March 1, 1973, when he started at Ad-Mark. O'Rourke claimed that his status as a Clearview Dodge employee continued until June 1973, when he himself formally resigned.[1] Clearview Dodge's records show that a termination slip regarding plaintiff was issued in early April, showing that his job ended on March 31st.
It is undisputed, however, that during the entire period for which salary is claimed, O'Rourke was actually working at Ad-Mark. Both Neil Curran and O'Rourke himself testified that he was to be paid on a commission basis at Ad-Mark. Curran claimed that O'Rourke earned no commissions while at Ad-Mark, while O'Rourke claimed he did earn some but never received payment. However, he never demanded payment from Ad-Mark. Instead, he sued Tracy on the latter's alleged promise to maintain him in the style to which he had become accustomed while at Clearview Dodge.[2]
It is clear that, in this case, the corroboration required by C.C. Art. 2277 was a question of witness credibility. There simply was no hard evidence to substantiate plaintiff's claim. Considering the testimony and evidence in the record on appeal, we cannot say that the trial judge's evaluations of credibility and inferences of fact were unreasonable. Therefore, under the mandate of Canter v. Koehring Co., supra, we cannot reverse on the record before us.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] After April 26, 1973, O'Rourke left Ad-Mark and went to work at a car dealership in Houston, again on Hugh Tracy's recommendation. However, O'Rourke makes no claim against Tracy for salary while he was working in Houston.
[2] In an apparent attempt to pierce the corporate veil, O'Rourke tried to elicit evidence to show that Tracy was the real power behind Ad-Mark and had actual control over the agency. However, the evidence on this point was nebulous and unconvincing.