405 So.2d 624 (1981)
Richard Benjamin TAUNTON, Plaintiff-Appellee,
v.
CANE AIR, INC., Defendant-Appellant.
No. 8387.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1981.
Jess J. Waguespack, Donaldsonville, for defendant-appellant.
Hal J. Scott, Jonesville, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and DOUCET, JJ.
DOMENGEAUX, Judge.
This is a suit for the balance due under an oral contract of employment.
Plaintiff, Richard Benjamin Taunton, is a pilot who had been employed by Louisiana Aircraft in Baton Rouge as an aircraft salesman prior to the events leading up to this suit. Defendant, Cane Air, Inc., is a Louisiana corporation domiciled at Belle Rose, Louisiana, engaged in aerial application services to agriculture. For some years prior to 1979, it operated a satellite operation at Jonesville, Louisiana. V. R. "Ray" Thornton is the president and chief executive officer of Cane Air, Inc. and also organized the firm some years ago.
Sometime around May, 1979, plaintiff began discussions, and then negotiations with Thornton about the possible sale of the Jonesville operation to him. While this was taking place, Thornton offered Taunton a pilot's job in Jonesville. In May, 1980, the Jonesville operation was sold to someone other than Taunton.
The trial court was presented with the task of determining the terms of the oral employment contract between plaintiff Taunton and defendant Cane Air, Inc. *625 Taunton claimed that he was to be compensated at the rate of 25% of the gross billings for his flying plus 2½% of the gross income of the entire Jonesville operation. Thornton agreed that the percentages were correct but were predicated and conditioned upon plaintiff purchasing the business. Additional conditions alleged by Thornton was that Taunton "do a good job and not destroy any equipment".
The trial court obviously credited Taunton's testimony with more weight than Thornton's and found that the oral contract was subject to no conditions. Plaintiff was awarded the full amount he had prayed for ($3,364.74) which was the difference between the amount he had been paid and the amount he claimed based upon the percentages stipulated previously. Defendant has appealed.
We cite approvingly from O'Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir. 1979), which commented upon La. C.C. Art. 2277, as follows:
"Civil Code Article 2277 is the basic rule governing proof of oral contracts. That article states,
`All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be provided by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be approved at least by one credible witness, and other corroborating circumstances.' (Emphasis added.)
It is well settled that a party to the lawsuit may serve as his own `credible witness' for purposes of this article. Foshee v. Hand-Enis Realty Co., 237 So.2d 437 (La.App.3rd Cir. 1970). Moreover, although he still must show other circumstances which corroborate his claim, this means only general corroboration and does not require independent proof of every detail of the witness's testimony. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977). Nonetheless, the question of whether the evidence offered by plaintiff corroborates his claim is a finding to be made by the trier of fact, and thus is not subject to reversal unless it is clearly wrong. Taylor v. Clark, 304 So.2d 728 (La.App. 4th Cir. 1974); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The reviewing court must give great weight to the factual conclusions of the trier of fact, and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973)."
Our overview and close study of this record leads us to conclude that there is ample evidence to sustain the decision of the trial court. Certainly, at the very least, we find no manifest error.
Even though plaintiff and Mr. Thornton were seriously discussing plaintiff's purchase of defendant's Jonesville branch business, all circumstances as testified to could cause the trier of fact to conclude that no strings were attached to the oral contract of employment. It is evident that defendant's chief officer, Mr. Thornton, was hopeful that plaintiff would purchase the business but it is also evident that the trial court concluded that these hopes did not evolve or materialize as conditions of the employment.
There is testimony to the effect that, in addition to plaintiff being hired to cropdust, he was also to help in the office and to solicit and secure new business. This reasonably explains the payment provision for 2½% of the gross profits of the business. The record shows, in fact, that plaintiff was instrumental in securing approximately $33,300.00 worth of new business which was about half of the total gross that defendant's Jonesville operation experienced during the time that plaintiff was in defendant's employ.
It was shown that during the course of the employment the plaintiff damaged two of defendant's planes in flying accidents. However, the evidence unequivocally indicates *626 that pilots were not held financially responsible for these type accidents because such occurrences were not unusual in the cropdusting business. Furthermore, the planes involved in this case were insured, as was customary in the cropdusting business. Defendant contends that the employment was conditioned upon plaintiff doing a "good job and not destroying any equipment", and that plaintiff's damaging of two planes was in violation of the contract agreement. This supposition was obviously not given much weight by the trial court. It is evident that the trial court did not believe that such a condition existed, and that conclusion is bolstered by the aforementioned evidentiary fact that cropdusting pilots were generally not held financially responsible for damages to planes or other equipment.
Defendant suggests in brief that the three witnesses called by plaintiff to corroborate plaintiff's testimony testified only to hearsay. Defendant failed to object in any way to this testimony at the trial. It is well settled that failure to object to hearsay or secondary evidence when admitted at trial constitutes a waiver of the right to object to its admissibility and that such evidence may then be considered and given probative effect. The aggrieved party may not subsequently on appeal urge that such evidence was not actually admissible. Richard v. Southwest Louisiana Hospital Association, 383 So.2d 83 (La.App.3rd Cir. 1980), writ refused, 385 So.2d 274 (1980); see also Wade v. Joffrion, 387 So.2d 1265 (La.App. 1st Cir. 1980).
In conclusion, and contrary to appellant's contentions, we find no error in the amount awarded plaintiff in the judgment rendered in the district court.
Applying the rationale of O'Rourke to the facts of this case, we conclude that plaintiff should prevail here, and his judgment should not be overturned.
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.