DOMENGEAUX, Judge.
Linus Duhon, the plaintiff herein, filed suit against James Trahan, for an amount allegedly due him for services he had rendered on defendant’s behalf. The trial court rendered judgment in favor of plaintiff ordering Trahan to pay the sum of $5,195.00 with legal interest from the date of judicial demand. Defendant — Trahan has appealed. We affirm.
The sole issue on appeal is whether or not the trial court erred in finding that defendant had agreed to pay plaintiff in cash for the services rendered.
Plaintiff and defendant entered into an oral contract whereby plaintiff would use his dragline to knock down and level an old canal levee located on defendant’s proper *969 ty. Plaintiff performed his obligations under the contract. After the completion of the work, plaintiff submitted an invoice to defendant in the amount of $5,195.00 representing 89 hours of work at $55.00 an hour, plus $300.00 for a load of dirt. Plaintiff made repeated demands for payment of his services in the form of cash. These demands were not honored and subsequently plaintiff filed this suit.
The determination to be made here involves a question of fact. The trial court was presented with two versions of the manner in which plaintiff would be compensated for his services.
Defendant contends that the parties agreed payment would consist of defendant delivering materials to plaintiff, particularly wood and long timbers that had a value equal to the services. On the other hand, it was plaintiffs contention that defendant had agreed prior to the commencement of the work to pay him $55.00 an hour for the services rendered. The trial court concluded that the parties had agreed that defendant would pay plaintiff $55.00 an hour in cash for his services.
The record reveals many inconsistencies in defendant’s testimony. In his deposition, he stated: “Well, I told him to come meet my wife here in Lafayette to get a check while I was going to see the property in Andrew and I went and seen the property ...” Further, plaintiff testified that defendant had asked him to meet him at the First National Bank in Lafayette and that there he would be paid. To contradict this statement, defendant testified that he only did business at Guaranty Bank in Lafayette. However, in opposition with that testimony, defendant later admitted that he had a commercial checking account for his business at the First National Bank in Lafayette.
An appellate court may not disturb a trial court’s evaluations of credibility and factual determinations unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the entire record, we cannot say that the trial court’s decision is manifestly erroneous. In fact, based on the totality of the evidence the judgment is warranted.
For the above and foregoing reasons the judgment of the trial court is affirmed. Defendant is to pay all costs of this appeal.
AFFIRMED.