478 So.2d 207 (1985)
REMN CONSTRUCTION CORPORATION, Edward Hannie, D.D.S. d/b/a Hannie Enterprises, Plaintiff-Appellee,
v.
Michael D. KEATING, Defendant-Appellant.
No. 84-833.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
Voorhies and Labbe, Robert A. Lecky, Lafayette, for defendant-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Mark L. Riley, Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER and KING, JJ.
KING, Judge.
The issue presented on appeal is whether or not the trial court erred in finding that no oral contract existed between the plaintiff and defendant in relation to three construction projects.
Remn Construction Corporation and Edward Hannie, D.D.S., d/b/a Hannie Enterprises, Inc. (hereinafter plaintiff) brought suit against Michael D. Keating (hereinafter defendant) to recover $34,870.63 for labor and materials belonging to plaintiff that defendant allegedly appropriated and *208 used for his personal benefit. Defendant filed an Answer and a Reconventional Demand, asserting that he provided services to plaintiff on four construction projects, pursuant to an oral contractual agreement, and that he was still owed a balance, in the amount of $21,049.60, for the value of the services he had provided. The parties stipulated that defendant received out of the projects, for his own benefit, labor and material valued at $25,000.00. The parties further stipulated that the value of the defendant's services for which he had not been paid on the "Oakview Apartments" project was $15,000.00. After a trial on the merits, the trial court rendered judgment on the main demand in favor of plaintiff and against defendant in the sum of $25,000.00. Finding that defendant had rendered services to plaintiff on the "Oakview Apartments" project pursuant to an oral contract, the trial court also rendered judgment on the Reconventional Demand in favor of defendant and against plaintiff in the sum of $15,000.00. Although finding that defendant did render some services to plaintiff on the three other construction projects, the trial court found that there was no oral contract between plaintiff and defendant regarding these projects and that defendant and Plaintiff-In-Reconvention had not proven the value of his services on these projects to recover in quantum meruit.
Defendant obtained an order for a suspensive appeal, but failed to file a bond within the delays required by law. In an unreported decision, this Court sustained plaintiff's motion to dismiss defendant's suspensive appeal and maintained the appeal as devolutive. Defendant argues on this appeal that the trial court erred in (1) finding that the verbal contract between the parties applied to only one project, the "Oakview Apartments" project; and (2) failing to award defendant, as Plaintiff-In-Reconvention, payment for his services in connection with the "203 South College Road" project, the "513 Wilson Street" project, and the "Twin Oaks Apartments" project.
For the reasons hereinafter set forth we affirm.

FACTS
Plaintiff, Dr. Edward Hannie, contacted defendant in October, 1978 and requested that defendant help him find someone to build some apartments or to help plaintiff build them himself. Remn Construction Company[1] (hereinafter Remn) was formed in the early part of 1979 by plaintiff, particularly to construct the Oakview Apartments project. Although plaintiff testified that defendant's involvement with Remn was only limited to defendant providing a contractor's license, the record indicates that defendant's contribution to the company was much more extensive.
It is clear from the evidence that plaintiff and defendant reached some type of oral agreement in reference to defendant's employment with Remn. Unclear are the terms of that agreement. Defendant testified that before his involvement with Remn, he had previously constructed plaintiff's dental office on Pinhook Road in Lafayette on a "10 percent contract" basis.
Regarding his relationship with Remn, defendant testified that he and plaintiff originally and verbally agreed that he was to receive compensation in the amount of ten percent of the construction costs for any and all construction projects carried out by Remn. Defendant further testified that after commencement of the "Oakview Apartments" project that he and plaintiff then agreed that the ten percent of construction costs attributable to the "Oakview Apartments" project would be split equally between defendant, plaintiff, and a Mr. Alray Lopez, the on-site superintendent of the project. Defendant argues that according to the original verbal contract with plaintiff, he is owed ten percent of the construction costs for all of the other projects carried out by Remn during his employment, including the "203 South College *209 Road" project, the "513 Wilson Street" project, and the "Twin Oaks Apartments" project. The parties stipulated at trial, by written stipulation, that (1) defendant's one-third of the ten percent of the total cost of the "Oakview Apartments" project would amount to $15,000.00; (2) ten percent of the cost of the "513 Wilson Street" project would equal $2,514.00; and (3) ten percent of the cost of the "203 South College" project would equal $2,723.00.
Plaintiff has not appealed the trial court's judgment in favor of defendant on the Reconventional Demand awarding defendant $15,000.00 for his involvement with the "Oakview Apartments" project. Nor has defendant appealed the trial court judgment in favor of plaintiff on the main demand awarding plaintiff $25,000.00 for the amount of labor and materials that defendant appropriated and used for his personal benefit. This appeal therefore involves only the question of whether or not the verbal agreement between plaintiff and defendant, regarding defendant's employment with Remn, included the understanding that defendant was to be compensated for his services rendered in connection with Remn's construction of the "203 South College Road" project, the "513 Wilson Street" project and the "Twin Oaks Apartments" project.
It was plaintiff's contention at trial that the only agreement between himself and defendant was in reference to the "Oakview Apartments" project. Plaintiff also testified at trial that he terminated defendant's employment with Remn upon learning of defendant's personal use of labor and materials taken from the "Oakview Apartments" project. Nevertheless, plaintiff admitted on cross-examination that defendant helped get bids for the "203 South College Street" project and that defendant "started the `Twin Oaks Apartments'" project before being terminated.
As we did in Taunton v. Cane Air, Inc., 405 So.2d 624 (La.App. 3rd Cir.1981), we cite approvingly from O'Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir. 1979), as follows:
"Civil Code Article 2277[[2]] is the basic rule governing proof of oral contracts. That article states,
`All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be provided by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness and other corroborating circumstances.' (Emphasis added.)
It is well settled that a party to the lawsuit may serve as his own `credible witness' for purpose of this article. Foshee v. Hand-Enis Realty Co., 237 So.2d 437 (La.App. 3rd Cir. 1970). Moreover, although he still must show other circumstances which corroborate his claim, this means only general corroboration and does not require independent proof of every detail of the witness's testimony. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977). Nonetheless, the question of whether the evidence offered by plaintiff corroborates his claim is a finding to be made by the trier of fact, and thus is not subject to reversal unless it is clearly wrong. Taylor v. Clark, 304 So.2d 728 (La.App. 4th Cir. 1974); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The reviewing court must give great weight to the factual conclusions of the trier of fact, and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of *210 fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973)." O'Rourke v. Tracy, 375 So.2d 747, at page 748 (La. App. 4th Cir.1979).
As we stated in Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La. App. 3rd Cir.1975), for there to be a contract:
"Both parties must agree to the substantial elements of a contract to have a binding obligation. LSA-R.C.C. arts. 1779(2) and 1798; Allison v. Pick, 229 La. 524, 86 So.2d 179 (1956); Dorvin-Huddleston Developments, Inc. v. Connolly, 285 So.2d 359 (La.App. 4 Cir. 1973). Contracts are founded on parties' agreements, and where they misunderstand each other, there is no contract. Cheramie v. Stiles, 215 La. 682, 41 So.2d 502 (1949)." Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862, at page 865 (La.App. 3rd Cir.1975).
As our recitation of the facts indicates, the exact terms of the agreement between plaintiff and defendant regarding defendant's employment with Remn are disputed. Although defendant may serve as his own "credible witness" for purposes of satisfying LSA-C.C. Art. 2277 (now LSA-C.C. Art. 1846), this Court may not disturb the trial court's evaluations of credibility and factual determinations unless the record reveals that the trial court's decision is manifestly erroneous or clearly wrong. Duhon v. Trahan, 446 So.2d 968, 969 (La.App. 3rd Cir. 1984); Taunton v. Cane Air, Inc., supra; O'Rourke v. Tracy, supra.
We conclude that the trial court's finding of fact that the oral agreement between plaintiff and defendant was limited to the "Oakview Apartments" project is not clearly wrong based on the plaintiff's testimony. The trial court did have reason for doubting the credibility of defendant. Defendant testified that plaintiff was well aware that he was using materials from the "Oakview Apartments" project for his personal use. Plaintiff testified that he was unaware of defendant's appropriation of labor and materials from the "Oakview Apartments" project for defendant's personal benefit and that he fired defendant upon discovery of this. Defendant expressly denied having ever asked Mr. Bobby Badon, the labor sub-contractor on the "Oakview Apartments" project, to change or alter invoices, but Mr. Badon testified that the defendant asked him to delete from job invoices all references to the "Cherry Street" project, defendant's personal project. For these reasons, we cannot say that the trial judge's evaluation of the credibility of plaintiff and defendant is clearly wrong.
Having found that defendant's employment agreement with Remn did not extend beyond the "Oakview Apartments" project, defendant's recovery for the services that he provided on the "203 South College Road," the "513 Wilson Street," and the "Twin Oaks Apartments" projects is limited to quantum meruit. Custom Builders & Supply, Inc. v. Revels, supra, at page 866.
Quantum meruit is an equitable doctrine, based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby. Under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even in the absence of a specific contract therefor. Swiftships, Inc. v. Burdin, 338 So.2d 1193, 1195 (La.App. 3rd Cir.1976). The defendant introduced no evidence at trial as to the value of the services that he provided or the extent to which Remn benefited by such services.
Errors not urged on appeal are considered abandoned. Prudhomme v. Nationwide Mutual Insurance Co., 465 So.2d 141, 142 (La.App. 3rd Cir.1985), writ den., 467 So.2d 1132 (La.1985), and the cases cited therein. Defendant has not assigned as error, in either his motion for appeal, in his appellate brief, or in oral appellate argument, the trial court's failure to allow *211 defendant recovery on the basis of quantum meruit. We therefore conclude that any possible quantum meruit claim by defendant has been abandoned on this appeal.
For the foregoing reasons, the decision of the trial court is affirmed at the cost of the defendant-appellant.
AFFIRMED.
NOTES
[1] Although Remn Construction Company is listed as Remn Construction Corporation in the petition, Dr. Hannie testified that, to his knowledge, the business was never incorporated.
[2] The subject matter of former LSA-C.C. Art. 2277 is now located within LSA-C.C. Art. 1846, which states:

"When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances."