KING, Judge.
The issues presented by this appeal are the correctness of a judgment rendered by the trial court on confirmation of a judgment by default.
Plaintiff sued defendants for unpaid wages allegedly arising from a contract. Defendants were cited and served with process but failed to file any responsive pleadings. A judgment by default was entered and then later confirmed. Defendants’ motion for a new trial was denied. Defendants timely appeal. We reverse.
FACTS
Gerald Demars (hereinafter plaintiff) filed suit against Luneau Mobile Home Sales, Inc., and Doyle Luneau and Raphael Luneau individually (hereinafter defendants), on July 11, 1984, alleging that defendants owed him $10,613.60 in unpaid wages. Plaintiff filed his suit under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and in the alternative, under the provisions of LSA-R.S. 23:631, et seq. On motion of plaintiff, the trial court ordered entry of a judgment by default in the Minutes of Open Court on July 31, 1984.
Plaintiff appeared before the trial court on August 7, 1984 to present evidence to obtain a confirmation of the judgment by default. During his appearance, plaintiff testified that he was employed by defendants from June 1, 1983 to January 13, 1984 to perform maintenance and clean up work on the trailers belonging to defendants. Plaintiff further testified that, during this period, he earned and should have been paid $10,713.60 in hourly wages, including amounts for overtime, but was only given one payroll check in the amount of $100.00. Plaintiff claimed that defendants therefore owe him $10,613.60 in unpaid wages.
Immediately before plaintiff testified, his attorney introduced into evidence the “entire record,” which consisted of plaintiff’s petition, the court minutes, and the sheriff’s return showing service of citation and of process on each of the defendants. Other than plaintiff’s testimony and the court record, no other evidence was presented to the trial court pertaining to plaintiff’s alleged employment with defendants.
After the presentation of evidence the trial court orally rendered judgment in favor of plaintiff and against defendants for $10,613.60 for unpaid wages and for $10,-613.60 as a penalty, together with legal interest on both sums from date of judicial demand, until paid, attorney’s fees of $1,500.00, and all costs of court. The trial court then read and signed a written judgment in Open Court in favor of plaintiff and against defendants in accordance with the judgment previously orally rendered.[1]
Defendants timely filed a Motion For A New Trial on August 14, 1984, which was denied on the same date by the trial court without a hearing.
*1027 Defendants have perfected this devolu-tive appeal and submit the following specifications of error:
(1) The proof adduced with respect to the amount claimed by plaintiff was insufficient to sustain the trial court judgment; and
(2) Assuming that plaintiff was employed by Luneau Mobile Home Sales, Inc., judgment against Doyle Luneau and Raphael Luneau, individually, was in error.
Since we find that defendants’ first specification of error requires a reversal of the trial court’s judgment, we find it unnecessary to address defendants’ second specification of error.
SPECIFICATION OF ERROR NUMBER 1
Defendants contend that the trial court erred in confirming the Judgment By Default taken against them because plaintiff simply failed to irieet the burden of proof required to establish his claim. LSA-C.C.P. Art. 1702(A) provides:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.”
In his pleadings and testimony, plaintiff did not indicate whether his alleged employment contract with defendants was oral or written. If the contract was reduced to writing, the writing itself is the required proof. Chavers v. Kury Const. Co., 363 So.2d 950 (La.App. 3rd Cir.1978), and the cases cited therein. A plaintiff who knows that a written instrument forms the basis of his claim must produce it when it provides the best evidence of the facts at issue. First Homestead Fed. Sav. & Loan v. Coleman, 446 So.2d 551 (La.App. 3rd Cir.1984).
As plaintiff did not allege the existence of a written contract of employment with defendants, plaintiff bore the burden of proving the existence of an oral employment contract. In a suit to recover wages in excess of $500.00 under an oral contract of employment, the basic rule governing proof is Civil Code Art. 2277,[2] which requires that plaintiff prove his case by one credible witness and other corroborating circumstances. Fox v. Don Siebarth Pontiac, Inc., 458 So.2d 575 (La.App. 3rd Cir.1984), writ den., 461 So.2d 314 (La.1984).
It is well settled that a party to the lawsuit may serve as his own “credible witness” for purposes of satisfying Civil Code Art. 2277. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977); Taunton v. Cane Air, Inc., 405 So.2d 624 (La.App. 3rd Cir.1981). It is equally well settled that the phrase “other corroborating circumstances” in Article 2277 means general corroboration, and does not require independent proof of every detail of the witness’ testimony. Samuels v. Firestone Tire & Rubber Co., supra; O’Rourke v. Tracy, 375 So.2d 747 (La.App. 4th Cir.1979); Taunton v. Cane Air, Inc., supra.
We are mindful of the general rule that whether the evidence offered by plaintiff corroborates his claim is a finding to be made by the trier of fact, and is not subject to reversal unless it is clearly wrong. Fox v. Don Siebarth Pontiac, Inc., supra. In this case, we find that plaintiff failed to produce any evidence of other corroborating circumstances. Plaintiff’s petition and the other items contained in the “entire record” do not constitute other corroborating circumstances. For these reasons we find that the trial court was manifestly in error and clearly wrong *1028 in rendering judgment in favor of plaintiff without sufficient proof in accordance with law. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
It is therefore ordered that the judgment of the trial court be reversed and set aside. All costs of this appeal are assessed against plaintiff-appellee.
REVERSED.

. On August 7, 1984, the trial court also confirmed a judgment by default in favor of Thomas Ducote, a co-employee of plaintiff, for the recovery of unpaid sales commissions. Defendants also appealed the judgment in favor of Ducote, for which we have rendered a separate opinion, in Ducote v. Luneau Mobile Home Sales, Inc., et al., 479 So.2d 1028 (La.App. 3rd Cir.1985). Since the law and facts are common to each case, our opinion here will be relevant to the other appeal.

. The subject matter of former LSA-C.C. Art. 2277 is now located within LSA-C.C. Art. 1846, and states:
"When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.”