KING, Judge.
The issues presented by this appeal are the correctness of a judgment rendered by the trial court on confirmation of a judgment by default.
Plaintiff sued defendants for unpaid sales commissions owed to him. Defendants were cited and served with process but failed to file any responsive pleadings. A judgment by default was entered and then later confirmed. Defendants’ motion for a new trial was denied. Defendants timely appeal. We reverse.
FACTS
Thomas Ducote (hereinafter plaintiff) filed suit against Luneau Mobile Home Sales, Inc., and Doyle Luneau and Raphael Luneau individually (hereinafter defendants), on July 11, 1984, alleging that defendants owed him $11,391.53 in unpaid sales commissions. Plaintiff filed his suit under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and in the alternative, under the provisions of LSA-R.S. 23:631, et seq. On motion of plaintiff, the trial court ordered entry of a judgment by default in the Minutes of Open Court on July 31, 1984.
Plaintiff appeared before the trial court on August 7, 1984 to present evidence to obtain a confirmation of the judgment by default. During his appearance, plaintiff testified that he was employed by defendants from June 1, 1983 to January 13, 1984 *1029 to sell trailers on a commission basis for defendants. Plaintiff further testified that, during this period, he earned and should have been paid sales commissions of $12,591.23 but was only paid $1,200.00. Plaintiff claimed that defendants therefore owe him $11,391.53 in unpaid sales commissions.
Immediately before plaintiff testified, his attorney introduced into evidence the “entire record,” which consisted of plaintiff’s petition, the court minutes, and the sheriffs return showing service of citation and of process on each of the defendants. Other than plaintiffs testimony and the court record, no other evidence was presented to the trial court pertaining to plaintiffs alleged employment with defendants.
After the presentation of evidence the trial court orally rendered judgment in favor of plaintiff and against defendants for $11,391.53 for unpaid wages and for $11,-391.53 as a penalty, together with legal interest on both sums from date of judicial demand, until paid, attorney’s fees of $1,500.00, and all costs of court. The trial court then read and signed a written judgment in Open Court in favor of plaintiff and against defendants in accordance with the judgment previously orally rendered.[1]
Defendants timely filed a Motion For A New Trial on August 14, 1984, which was denied on the same date by the trial court without a hearing.
Defendants have perfected this devolu-tive appeal and submit the following specifications of error:
(1) The proof adduced with respect to the amount claimed by plaintiff was insufficient to sustain the trial court judgment; and
(2) Assuming that plaintiff was employed by Luneau Mobile Home Sales, Inc., judgment against Doyle Luneau and Raphael Luneau, individually, was in error.
Since we find that defendants’ first specification of error requires a reversal of the trial court’s judgment, we find it unnecessary to address defendants’ second specification of error.
For the reasons assigned in the case of Demars v. Luneau Mobile Home Sales, et al., 479 So.2d 1025 (La.App. 3rd Cir.1985), we find that the trial court was manifestly in error and clearly wrong in rendering judgment in favor of plaintiff without sufficient proof in accordance with law. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
It is therefore ordered that the judgment of the trial court be reversed and set aside. All costs of this appeal are assessed against plaintiff-appellee.
REVERSED.

. On August 7, 1984, the trial court also confirmed a judgment by default in favor of Gerald Demars, a co-employee of plaintiff, for the recovery of unpaid hourly wages. Defendants also appealed the judgment in favor of Demars, for which we have rendered a separate opinion, in Demars v. Luneau Mobile Home Sales, Inc., et al., 479 So.2d 1025 (La.App. 3rd Cir.1985). Since the law and facts are common to each case, our opinion here will be relevant to the other appeal.