DOUCET, Judge.
This appeal concerns two consolidated suits for payment of promissory notes, together with interest, attorney’s fees, and costs. The first consolidated case involves a note dated March 3, 1984 made by Carl W. Guillory, Sr. in favor of Doris Luneau in *428 the amount of $25,000 payable 30 days after that date. Ms. Luneau claims that the note became due on April 3, 1984, but was never paid. The second case concerns a demand note in favor of Raphael Luneau in the amount of $25,000 executed by Nationwide Bonding Co., Inc. and endorsed by Carl W. Guillory, Sr. Mr. Luneau claims that he demanded payment of the note, and was refused. The defendants alleged payment of the obligations.
After a trial of both matters, plus a third suit not before this court on appeal, the trial judge rendered judgment in favor of the plaintiffs. He stated in his oral reasons for judgment that the defendants had failed to carry the burden of showing payment of the obligations. Defendants appeal. We affirm.
As the Supreme Court stated in the much cited case of Canter v. Koehring Co., 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
(citations omitted.)
With regard to the note to Mrs. Luneau, the trial court stated in its oral reasons for judgment that:
“Now, as far as payment of the $25,-000.00 note, again, Mr. Guillory bears the burden of proving he paid that and the only evidence that the Court had was the transfer of the horses, which was certainly inconclusive as to who even, who even owned the horses and when they were transferred, or how they were transferred and I do not find that that testimony is sufficient to prove that the $25,000.00 note was payable to, had been paid to Mrs. Luneau. I therefore find that Mrs. Luneau is entitled to a judgment on the $25,000.00 note executed by Carl W. Guillory....”
As to the note payable to Raphael Lu-neau, the trial judge stated that:
“He testified in fact that Mr. Luneau gave him $25,000.00, $25,000.00 and that he signed the note, P-1, uh, for like amount. Mr. Guillory testified that several days later he decided not to go into the bond business and he told Mr. Lu-neau to come by and pick up his money, but Mr. Luneau never did do this. The Court finds that difficult to comprehend why Mr. Luneau would not go and pick up $25,000.00 which was offered. The next testimony of Mr. Guillory was that he had to borrow $4,000.00 from one of his employees and that he had some $20,-000.00 in cash at his office and that he gave that to Mr. Luneau. His testimony is essentially unsupported other than the testimony of Mrs. Cathy Guillory, the daughter-in-law of Carl Guillory, who said that Mr. Guillory called her to go to his house and pick up an envelope containing money, which she certainly did. The Court has no doubt that [sic] of the veracity of her testimony. However, I do not feel that is in itself enough to support the contention of Mr. Guillory that the $25,000.00 was repaid. The note, of course, is a written instrument to rebut it requires proof. To show payment the law requires that the burden shift, in otherwords [sic] to Mr. Guillory to show proof that he paid. The Court finds that there was not sufficient evidence of payment of the note to Mr. Raphael Luneau to support his conten *429 tion. Therefore in that suit judgment will be granted in favor of the plaintiff/
Our review of the record reveals the trial court’s summary of the testimony in these cases to be accurate. The evaluations of credibility and inferences of fact drawn by the trial judge from that testimony are entirely reasonable and may not be disturbed.
The defendant also alleges that the attorney’s fees provided for in the promissory notes were excessive and contra bonos mores. However, since this issue was not presented by the defendant at the trial level, we will not address it here.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.