GUIDRY, Judge.
Defendant-appellant, the Louisiana Department of Transportation and Development, appeals a judgment of the trial court finding DOTD solely at fault and awarding plaintiffs damages as a result of a motor vehicle accident. We affirm.
This matter arose out of a one car accident which happened at mile post 57.5 on La. Hwy. 107, December 9,1983, at approximately 5:15 p.m. The driver of the car, Ramona Sellers, was returning to her home in Pineville along with her son, Michael, and her mother, Alice Blair, after taking Michael to a Dr. Culpepper’s office in Alexandria. Because of prevailing weather conditions, it was dusk and a light rain was falling, Mrs. Sellers was operating her vehicle at about 35 to 40 miles per hour, well below the posted speed limit of 55 miles per hour. As Mrs. Sellers attempted to negotiate a curve in the road, just north of Ruby Wise School, both the driver and her mother felt a bump or jar on the right side of the car. Mrs. Sellers immediately lost control of her vehicle and it skidded off the highway coming to rest against a concrete culvert in the ditch on the right side of the roadway. At trial, neither lady was able to identify the cause of the bump or jar which immediately preceeded the accident nor was either able to shed any further light on the cause of Mrs. Sellers’ loss of control.
All three occupants of the vehicle were injured in the crash, Mrs. Blair most severely. Alice Faye Blair suffered a commi-nuted distal femoral fracture requiring the insertion of eleven screws and a large metal plate in her left leg. Mrs. Blair’s injury resulted in a 25% permanent disability of the lower left extremity. She also suffered extensive soft tissue damage including a displacement of her nose which required corrective surgery. Additional surgery was necessitated as a consequence of serious chest injuries she sustained.
Ramona Sellers, who was six months pregnant at the time of the accident, suffered a laceration of the left elbow and a partial cutting of the triceps which required immediate surgery. She also sustained an injury to her left little finger which required surgery at a later date. Fortunately, her unborn child was not affected.
Mrs. Sellers’ minor son, Michael, who was four years old at the time, sustained an open fracture of the left distal femur requiring the insertion of two pins. Michael’s physician was unable, at the time of trial, to determine if the injury would cause problems as the young man developed.
The trial court made the following awards: (1) Mrs. Blair — $54,167.39 in special damages and $225,000.00 in general damages; (2) Mrs. Sellers — $5,368.75 in special damages and $15,000.00 in general damages; and, (3) Michael Sellers— $7,164.25 in special damages and $10,000.00 in general damages. The court also made awards to the respective spouses for the loss of consortium — $5,000.00 to Mr. Blair and $1,500.00 to Mr. Sellers.
On appeal, DOTD assigned seven specifications of error. The plaintiffs did not appeal or answer DOTD’s appeal. Basically, DOTD’s assignments of error require us to determine the following three issues: (1) Was La.Hwy. 107 defective and, if so, was this defect solely or partially the cause of the accident? (2) Was Ramona Sellers, the driver, negligent in the operation of her vehicle, and if so, was she solely or partially at fault in causing the accident? and, (3) Were the awards made to plaintiffs excessive?
Two theories were presented at trial as to the cause of the accident: (1) Driver fault (argued by DOTD’s expert); and, (2) Defective roadway (expounded by plaintiffs’ experts). The trial judge chose to accept the latter explanation of the accident.
On appeal, DOTD contends that, at the time of the accident, the raveling and rutting along the edge of Hwy. 107 was not so severe as to constitute a defect and that the sole cause of the accident was the fault *145 of the driver, in that she was inattentive and exceeding a safe speed for the then existing road and weather conditions. Since the trial judge’s findings were completely contrary to DOTD’s position, in order for appellant to prevail, it must demonstrate that the trial court was manifestly erroneous in its factual determinations (see Remm Const. Corp. v. Keating, 478 So.2d 207 (La.App. 3rd Cir.1985); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978)) and/or the court abused its much discretion in making its damage awards (see Broussard v. Peltier, 479 So.2d 679 (La.App. 3rd Cir.1985); Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1984)).
The State Highway Maintenance Standards Manual, which was introduced in evidence, requires repair when “[djropoffs greater than 3" are found at edge of roadway caused by edge raveling”. The manual further states that “[e]dge raveling causing dropoff greater than five (5) inches must be repaired immediately”. In reference to edge ruts, the manual states: “... let them get at least three inches deep before routinely scheduling repair. Edge ruts that exceed five (5) inches in depth should be treated as emergency conditions and repaired immediately”.
In Holmes v. State Through Dept. of Highways, 466 So.2d 811 (La.App. 3rd Cir. 1985), writ denied, 472 So.2d 31 (La.1985), this court, in discussing a shoulder dropoff case, stated:
“DOTD is under a duty to maintain the highways and shoulders in a reasonably safe condition. Sinitiere v. Lavergne, [391 So.2d 821 (La.1980) ], supra; Rue v. State, Dept. of Highways, 372 So.2d 1197 (La.1979). The duty to maintain reasonably safe highways and shoulders extends to the protection of those people who may be foreseeably placed in danger by an unreasonably dangerous condition. Sinitiere v. Lavergne, supra. This duty imposed on DOTD is the same under either strict liability or negligence. See Kent v. Gulf States Utilities Co., [418 So.2d 493 (La.1982) ], supra; Efferson v. Louisiana, Department of Transportation and Development [463 So.2d 1342 (La.App. 1st Cir.1984) ], supra.
There is no doubt that the dropoff in this case was a substantial factor in causing the Jeep to flip over as Dickerson attempted to re-enter the highway. DOTD’s breach of its duty to maintain the shoulder in a reasonably safe manner encompassed the risk of the kind of accident and injury involved here, ...”
See also Palermo v. Allstate Ins. Co., 415 So.2d 437 (La.App. 1st Cir.1982); Geisler v. Allstate Ins. Co., 489 So.2d 429 (La.App. 3rd Cir.1986), rehearing denied; and Myers v. State Farm Mut. Auto. Ins. Co., 493 So.2d 1170 (La.1986), and cases cited therein. We find it significant that the dropoff in the Holmes case was “approximately five inches”, the same as that in the instant case.
Numerous witnesses, residents near the area where the accident occurred, testified that not only was the surface of the road and the shoulder in grave need of repair, but also that those conditions had been reported to defendant on a number of occasions. They further established that at the site of the accident, there existed both a severe dropoff of 5" due to raveling and rutting and a narrowing of the roadway due to these same factors. DOTD does not question that the roadway and shoulder was defective, candidly conceding in brief to this court that “... Louisiana 107 [is] a very old highway in very bad need of very much repair”.
Neither the driver nor Mrs. Blair could definitely identify the cause of the bump which each felt on the right side of the automobile immediately prior to the loss of control by Mrs. Sellers. The learned trial judge concluded, on the basis of the physical evidence and the testimony of the witnesses, including plaintiffs’ expert witness, Duane T. Evans, that the most logical explanation of the “mystery” bump and the driver’s loss of control was the narrowing of the roadway and the severe 5" dropoff. In this connection, the trial judge, in written reasons for judgment, opined as follows:
*146 “There is no reasonable explanation for the accident other than the defect in the highway. All of the witnesses stated that there was a narrowing of the paved portion and a dropoff to the shoulder. When a driver enters a curve, normal and prudent driving practices dictate that one stay as close to the outside of the curve as possible. It is evident that Mrs. Sellers was driving in a reasonable and prudent manner. Upon entering the area where the highway narrowed due to its disintegration, her front wheel ran off the surface and into the drop-off which caused her to loose [sic] control of her vehicle. The accident was a direct result of these factors.
The highway and shoulders were defective and these defects constituted a dangerous condition which created an unreasonable risk of injury. There is no question that the injuries were caused by these defects.”
Defendant’s expert placed the cause of the accident on the driver, citing human error. Appellant argues that the trial court should have accepted the testimony of DOTD’s expert since neither Mrs. Sellers nor Mrs. Blair remember meandering off onto the defective shoulder. Appellant’s argument fails to demonstrate how the conclusion reached by the trial judge was clearly wrong. Both Mrs. Sellers and Mrs. Blair testified that they felt a bump on the right side and immediately thereafter the automobile began to skid. Neither remembered anything further, however, the physical evidence indicates that the Sellers vehicle left the roadway a short distance, approximately 80 feet, south of the raveled portion of the roadway and skidded to the right into the culvert with no driver attempt at re-entry onto the roadway.
The lay testimony, photographs and the hypothesis set forth by the plaintiffs’ expert “furnishes a reasonable factual basis for the trial court’s finding ... and reasonable inferences of fact should not be disturbed upon review”. Canter v. Koehring Co., 283 So.2d 716 (La.1973). See also Luneau v. Guillory, 489 So.2d 427 (La.App. 3rd Cir.1986), rehearing denied.
Although appellant raised the issue of “excessive awards to plaintiffs”, it failed to brief this issue. Specifications of error which are not briefed are considered abandoned. Rule 2-12.1, Uniform Rules— Courts of Appeal.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.